1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

| | |
|---|---|
| HUDDLESTON, JIMMY R.<br><br>       Plaintiff,<br>   v.<br><br>BURNS DEVELOPMENT COMPANY, LLC (D.B.A. LYNCHES PUB & GRILL); BURNS, JASON (INDIVDIUAL & OWNER); CHARBONNET ADVISORY COMPANY, LLC; HEARN, ROBERT A.; HEARN, LORIS A; DANIELLO, DAVID S.; DANIELLO, DEBRA.<br><br>      Defendants. | Case No.:<br><br>COMPLAINT FOR EQUITABLE DAMAGES, PUNITIVE DAMAGES, AND REQUEST FOR INJUNCTIVE RELIEF<br><br>**JURY TRIAL DEMANDED**<br><br>Judge: |

## TABLE OF CONTENTS

TABLE OF CONTENTS ……………………………..…………………….………. 1

TABLE OF AUTHORITIES …………………………..…...…………….………  2

FACTUAL INFORMATION ON PLAINTIFFS' DISABILITY …………..……… 6

FACTUAL INFORMATION ON DEFENDANT'S BUSINESSES & LOCATION .. 6

NATURE OF ACTION …………..………………………………………….……  6

JURISDICTION AND PARTIES ………………………………………….……… 8

ARGUMENT/FACTUAL ACCUSATIONS ……………………………………… 8

JURY DEMAND ……………………………………….……………………… 16

PRAYER FOR RELIEF………………..……………………...………………… 16

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A; RECORD OF OWNERS CONDUCT .............................................. 24

EXHIBIT B; RECORD OF OWNERS PRIOR ABUSE OF ADA LAW .................28

EXHIBIT C; DEFENDANTS ADDRESS PROOF & AFFILIATION ................... 29

EXHIBIT D; PLAINTIFF & SERVICE ANIMAL PROOF ................................. 30

EXHIBIT E; HEALTHCARE PROVIDER LETTERS ....................................... 32

EXHIBIT F; SARASOTA POLICE DEPARTMENT REPORT ........................... 34

EXHIBIT G; VETERANS AFFAIRS DISABILITY RATING .............................. 36

1. JURISDICTION TO HEAR THIS CASE

    a) 28 U.S.C. §1391

    b) Dispute involves Federal ADA Law [Per 1(a)]

    c) Dispute involves a right in the United States Constitution [Per 1(a)]

2. PLAINTIFF IS ENTITLED TO A SUMMARY JUDGEMENT

    a) Fed.R.Civ.P. 56(a)

    b) Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)

    c) Jeffery v. Sarasota White Sox, 64 F.3d 590, 593-94 (11th Cir. 1995)

    d) Clark v. Coats & Clark, Inc., 929 F.2d 604 (11th Cir.1991)

    e) D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998)

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

3. PLAINTIFF IS ALLOWED TO NOTIFIY THE FEDERAL
   GOVERNMENT OF VIOLATIONS UNDER FEDERAL LAW; RE:
   FEDERAL WIRETAPPING LAWS

   a) 5 U.S.C. 2302(b)(8)-(9), Pub.L. 101-12

   b) Andrus v. Glover Constr. Co., 446 U.S. 608 (1980)

   c) Arena v. United States, 2000 WL 34014451 (U.S. Jun. 23, 2000)

   d) Brotherhood of Locomotive Firemen and Enginemen v. Bangor &
      Aroostock R.R. Co., 389 U.S. 327 (1967)

   e) 18 U.S. Code § 2511

4. PLAINTIFF IS ALLOWED TO BRING A COMPLAINT, FOR REFERRAL
   TO THE APPROPRIATE JUDICIAL DIVISION (STATE OR FEDERAL):
   RE: FEDERAL TELECOMMUNICATIONS LAWS

   a) Title 47 CFR (Telecommunications)

   b) 47 C.F.R. Part 9

   c) 5 U.S.C. 2302(b)(8)-(9), Pub.L. 101-12

   d) The Wireless Communications and Public Safety Act of 1999 (911
      Act)

5. CAUSE OF ACTION: DISCRIMINATION ON THE BASIS OF
   DISABILITY BY PUBLIC ACCOMMODATIONS AND IN COMMERCIAL

   a) Department of Justice: 28 CFR Part 36

   b) Americans with Disabilities Act of 1990, § 301

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

c)  42 U.S.C. § 12181

d)  28 CFR § 35.136(f)

e)  28 CFR § 35.136(a)(1)(i)

f)  28 CFR § 35.136(b)(1)(i)(ii)

6.  CAUSE OF ACTION: CIVIL RIGHTS: DISCRIMINATION BY REASON
OF HANDICAP, DISABILITY, OR ILLNESS

a)  28 CFR § 36.104

b)  42 U.S.C. § 12132.

c)  42 U.S.C. § 12181

d)  CAUSE OF ACTION: ACCOMMODATIONS IN GENERAL

e)  C.F.R. § 35.104

f)  42 U.S.C. § 12132.

g)  Americans with Disabilities Act of 1990, § 301

h)  CAUSE OF ACTION: DISCRIMINATION IN GENERAL

i)  C.F.R. § 35.104 and § 36.104

j)  42 U.S.C. § 12132.

k)  Americans with Disabilities Act of 1990, § 301

l)  42 U.S.C. § 12181

7.  CAUSE OF ACTION: MISUSE OF 911 OR E911 SYSTEM AND
VIOLATION OF WIRELESS COMMUNICATIONS AND PUBLIC
SAFETY ACT OF 1999 (911 ACT)

a)  47 C.F.R. Part 9

PG. 4

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

b)  Florida Statute 365.172(13)

c)  Florida Statute 775.082

d)  Florida Statute 775.083

e)  Florida Statute 775.084

f)  Florida Statute 934.03

8.  CAUSE OF ACTION: ENFORCEMENT OF OPERATING OUTSIDE OF THE CORPORATE VEIL, REQUEST TO PIERCE CORPORATE VEIL

a)  Broward Marine, Inc. v. S/V Zeus, No. 05-23105 CIVOSULLIVAN, 2010 WL 427496 (S.D. Fla. Feb. 1, 2010)

b)  Ocala Breeders' Sales Co. v. Hialeah, Inc., 735 So. 2d 542 (Fla. 3d DCA 1999)

c)  United States v. Ramirez–Chilel, 289 F.3d 744, 749 (11th Cir.2002)

d)  City of New York v. Ocean World, S.A., 12 So.3d 788, 792 (Fla. 4th DCA 2009)

e)  Seabra v. Int'l Specialty Imports, Inc., 869 So.2d 732, 734 (Fla. 4th DCA 2004)

f)  The Huff Alternative Fund, L.P. v. Latin Food Group, Inc. 2015 WL 849195, *6, Fla.Cir.Ct.

g)  Papa John's Intern., Inc. v. Cosentino 2004 WL 5669306, *5669306, Fla.Cir.Ct.

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

9. ENTITLEMENT TO INJUNCTIVE RELIEF

   a) Federal Rule 65

   b) Rule 65(d)(2)(A) or (B)

   c) 28 U.S.C. §2361

   d) 28 U.S.C. §2284

   e) Russell v. Farley (1881) 105 U.S. 433, 466

   f) 42 U.S.C. § 12206

   g) Winter v. Natural Resources Defense Council, Inc, 555 U.S. 7 (2008)

10. ENITLEMENT TO PUNITIVE DAMAGES

   a) 42 U.S.C.A. § 1981a(a)(1)

   b) 42 U.S.C.A. § 1981a(b)(2)

   c) Americans with Disabilities Act of 1990 § 2 et seq

   d) 42 U.S.C.A. § 12101 et seq

   e) Pennsylvania Rd. Co. v. Transport Workers Union, 278 F.2d 693, 694 (3d Cir. 1960)

   f) Arvida Corp. v. Sugarman, 259 F.2d 428, 429 (2d Cir. 1958)

   g) Lummus Co. v. Commonwealth Oil Ref. Co., Inc., 297 F.2d 80, 83 (2d Cir. 1961), cert. denied, 368 U.S. 986 (1962)

   h) Matter of Vuitton et Fils S.A., 606 F.2d 1 (2d Cir.1979)

   i) Vuitton v. White, 945 F.2d 569 (3d Cir.1991)

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

  j)   Pacific Mut. Life Ins. Co. v Haslip (1991) 499 US 1, 22, 113 L Ed 2d

    1, 22, 111 S Ct 1032

## FACTUAL INFORMATION ON PLAINTIFFS' DISABILITY

1. Plaintiff has a 30% disability rating from the Department of Veterans

 Affairs [EXHIBIT G].

2. Plaintiff obtained, prior to the event on 01 March 2021, a service animal

 recommendation from his Primary Psychologist at James A. Haley

 Veterans Hospital.

3. Plaintiff obtained, prior to the event on 01 March 2021, a 3rd

 party/independent review of Plaintiff's diagnosis and need for a service

 animal.

4. Plaintiff obtained, prior to the event of 1 March 2021, an approval from

 Plaintiffs primary resident leasing's 3rd party animal compliance

 department, for a service animal.

## FACTUAL INFORMATION ON DEFENDANT'S BUSINESS

1. Lynches Pub & Grill is located at 19 North Boulevard of Presidents,

 Sarasota, Florida 34236 (Armands Circle) and is a place of public

 accommodation; commonly known as a bar and restaurant.

2. All Defendants have a business registered at this location or are shown to

 be owners, lease holders, or having an interest in the businesses at this

 location. [EXHIBIT C]

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NATURE OF ACTION

This is an action under the American with Disabilities Act. Title III, which makes it clear that service animals are allowed in facilities that require public accommodations. Lynches Pub & Grill is located at 19 North Boulevard of Presidents, Sarasota, Florida 34236 (Armands Circle) is registered as a seating bar and restaurant with an active liquor, beer, and food license.

Under Title III, a service animal must be allowed to accompany the handler to any place in the building or facility where members of the public, program participants, customers, or clients are allowed. When a person with a service animal enters a public facility or place of public accommodation, the person cannot be asked about the nature or extent of his disability or denied service based upon bringing a service animal in.

Plaintiff was denied access and services based solely upon brining a service animal into the establishment and the threat of arrest, incarceration, and trespass was used to induce Plaintiff from educating the owner of Lynches Pub & Grill of Federal ADA law.

During this encounter, Defendants misused the 911/E911/Emergency System in order to intimidate Plaintiff to cease showing Defendants ADA law,

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

Plaintiff's documentation, and animals' documentation. As commonly known, the 911 system in Florida, County of Sarasota, City of Sarasota must be used solely for emergency communications by the public. Any person who accesses the number 911 for the purpose of making a false alarm or complaint or reporting false information that could result in the emergency response of any public safety agency; any person who  knowingly uses or attempts to use such service for a purpose other than obtaining public safety assistance, commits a crime in the State of Florida, with varying degrees and severities.

The abuse of the 911/E911/Emergency Call System would include the possible misuse, abuse, and interruption of a local provider complying with The Wireless Communications and Public Safety Act of 1999 (911 Act) or causing possible future damages to those providers through discovery and unintentional non-compliance cause by a 3rd party user. Protection of private conversations is also covered under 18 U.S. Code § 511 where someone intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication.

## JURISDICTION & PARTIES

Defendants BURNS DEVELOPMENT COMPANY, LLC; BURNS, JASON (INDIVDIUAL); CHARBONNET ADVISORY COMPANY, LLC; HEARN, ROBERT A.; HEARN, LORIS A; DANIELLO, DAVID S.; DANIELLO, DEBRA, are either residents or their places of business are located in FLORIDA'S MIDDLE

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

DISTRICT, specifically 19 North Boulevard of Presidents, Sarasota, Florida 34236 (Armands Circle), Sarasota County; [EXHIBIT C] All events giving rise to this incident took place in THE MIDDLE DISTRICT OF FLORIDA, S19 North Boulevard of Presidents, Sarasota, Florida 34236 (Armands Circle), Therefore, jurisdiction of this court is proper.

### FACTUAL ALLEGATIONS

On 01 March 2021, at approximately 2122, Plaintiff entered Lynches Pub & Grill located at 19 North Boulevard of Presidents, Sarasota, Florida 34236 (Armands Circle). Upon entry, Plaintiff's guest sat a table to Plaintiff's left and Plaintiff was standing in line to use the restroom. The bartender at the time, which is an unknown female, asked about the Plaintiff's service animal and Plaintiff explained the dog was a licensed service animal.

Unnamed bartended then approached, at the time an unknown individual, to check about the service animals' status.  Immediately after that, an individual presented to Plaintiff stating he was the owner of the establishment, and Plaintiff promptly provided identification for the service animal showing it was a licensed, validated service animal, and the identification had a website that the owner could check and validate the service animals' certifications, to include the owner's 3rd party evaluation for a service animal.

The owner asked what my condition was, "why I needed it." This is in direct violation of 28 CFR § 35.136(f), which clearly states; *"A public entity shall not ask*

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

*about the nature or extent of a person's disability but may make two inquiries to determine whether an animal qualifies as a service animal."*

Plaintiff started to explain that the service animal was for mental health reasons and began to explain what service animals do for certain conditions, in an attempt to educate, versus dictate, to the owner. The moment the Plaintiff said "PTSD", the Owner quickly stated that "mental health is not a qualifying disability "and aggressively told Plaintiff to "get out of his business". This is in direct violation of 28 CFR § 35.136(a)(1)(i); *"A physical or <u>mental</u> impairment that substantially limits one or more of the major life activities of such individual,"* and 28 CFR § 35.136(b)(1)(i)(ii) *"Any physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine; or any mental or psychological disorder such as intellectual disability, organic brain syndrome, emotional or mental illness, and specific learning disability."*

The owner not only asked an illegal question but never allowed the Plaintiff to explain what the animal is trained to do, which further shows a blatant disregard to ADA law and a clear biased against those with disabilities.

Owner further stated the service animals ID card was not legitimate, he stated it was "invalid" and insisted on handing the card back to the Plaintiff.

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

Plaintiff then stood semi-silent, and then was forced to try to calm the situation as the owner became overly aggressive, angry with Plaintiff, and due to the Plaintiff opposing the owners view over the direct violation of ADA law, and Plaintiff tried to deescalate the situation by explaining ADA Law.

Owner continually refused to identify himself, via name or business card, after multiple requests and simply said he was going to call the police. This was a clear attempt to hide his identity, intimidate the Plaintiff, but he presented himself as the owner and he fits the description of online reviews. Work records and security footage should be sufficient to ID Jason Burns.

Plaintiff was looking up the Department of Veterans Affairs Psychology letter, 3rd Party independent Psychology letter, Service Animals Official Certificate, and Residential Approval Letter for a Service Animal in order to validate the service animals' authenticity but the owner then became incredibly angry/aggressive and refused to look at any documentation and ordered Plaintiff to leave due to bringing in a service animal.

Plaintiff was shocked by the owner's behavior and owner stated he was "calling the police" to which Plaintiff was further confused and doubted an owner would call the police when they are violating Federal Law. Plaintiff then agreed that calling Sarasota Police would be appropriate for documentation purposes. Plaintiff left premises peacefully and waited for the Sarasota Police several stores down.

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

Sarasota Police Department conducted a full investigation of the events, including the issuance of a case number #21-01633 [EXHIBIT F]. This police report clearly corroborates Plaintiff's complaint as an independent 3rd party who is a representative of the Courts.

After Sarasota Police Department concluded their investigation, they did not trespass Plaintiff, did not issue any written or verbal warnings, and did not reprimand Plaintiff in any way; this was in direct conflict with the owner's demand, which now was a clear attempt to cover up the Defendants illegal behavior under the "color of law."

## FACTUAL ALLIGATIONS & CAUSE OF ACTION

### FIRST CAUSE OF ACTION

Discrimination on the Basis of Disability by Public Accommodations and in Commercial Facilities

On 01 March 2021, owner Jason Burns denied Plaintiff service based upon bringing a service animal into Lynches Pub & Grill located at 19 North Boulevard of Presidents, Sarasota, Florida 34236 (Armands Circle).

The service animal had a Service Animal identification on her collar, owner was provided a canine service animal identification, and was offered additional information to validate the service animals' status.

Owner refused to review any documentation, became very agitated, and told Plaintiff to leave the premises based solely upon bringing a service animal in.

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

After several attempts, in a very calm fashion by the Plaintiff, the owner refused to review any additional documentation verifying the service animals' status. Owner went further to insist to not look at the service animals ID or do any internet research on the service animals ID, which was offered to the owner; this includes a web lookup information on the service animals ID card. [EXHIBIT D] Understanding Federal ADA exclusion criteria, the Plaintiffs service animal was not out of control and the animal is housebroken. There were no incidences of the animal losing its bowels or bladder at the Defendants property.

Plaintiff feels the burden under Rule 56(a), the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electronic Industrial Co. v. Zenith Radio Corp..,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record ... or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed.R.Civ.P. 56(c)(1)(A) & (B).

After an investigation of the facts, Sarasota Police refused to trespass Plaintiff due to the responding officers reviewing Plaintiff's documentation showing the animal was an authentic service animal. Defendant's representative/owner could have easily assessed the same documentation, without trying to have Plaintiff

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

arrested or trespassed, but chose to escalate the event and insisted on calling Sarasota PD versus simply looking at easily authenticable documentation.

Preemptively, the Plaintiff rejects Defendant possible argument that Plaintiff has no standing because this "entire lawsuit is a sham." (42 U.S.C. § 12101(a)(6)) Defendant bases this argument on video evidence that can be made available upon discovery and Sarasota Police Department Report #21-011633 [EXHIBIT F]; *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("credibility determinations, the weighing of evidence and the drawing of legitimate inferences from the facts are jury functions."); *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1531 (11th Cir.1987) (on a summary judgment motion, the court may not weigh the credibility of the parties); *Delvalle v. Sanchez,* 170 F.Supp.2d 1254, 1279 n. 27 (S.D.Fla.2001) (credibility determinations are improper for a judge to make when considering evidence on a motion for summary judgment).

## SECOND CAUSE OF ACTION

### Civil Rights: Discrimination by Reason of Handicap, Disability, or Illness

Defendants failed to make a reasonable accommodation by allowing Plaintiff to order food or beverage at their establishment. Standing for this Action is the injury of public humiliation, violation of Title III of the Americans with Disabilities Act, which was a direct result of the Defendant's actions, and a favorable ruling will be necessary to correct the Defendant's blatant disregard for Federal Law.

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

## THIRD CAUSE OF ACTION

<u>Accommodations in General</u>

Failure of the Defendant's affirmative obligation to make reasonable accommodations for disabled individuals. Defendants made no reasonable accommodation but instead called Sarasota Police Department to have Plaintiff incarcerated, cited, and/or trespassed for asserting constitutional rights and attempting to educate the owner of Federal ADA law.

## FOURTH CAUSE OF ACTION

<u>Discrimination in General</u>

Defendant discriminated Plaintiff based upon his mental illness disability by dismissing it and stating that it "was not a valid disability". Owner also refused to look at any documentation that gave validation to the service animal and the Plaintiffs' disability. This is not only operating outside of commonly accepted business practices but lends itself to having the company's corporate veil pierced under case law.

## FIFTH CAUSE OF ACTION

<u>Misuse of 911 or E911 System</u>

Owner called Sarasota Police Department in an attempt to have Plaintiff possibly arrested, fined, cited, or at the least trespassed for bringing a service animal into the establishment, asserting constitution rights, and attempting to

PG. 16

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

educate the owner of Federal ADA law. This is in direct violation of Federal and State Law as it pertains to the misuse of the 911/E911 and Emergency Communication Systems.

## SIXTH CAUSE OF ACTION

### Operating Outside of the Corporate Veil

Under Broward Marine, Inc. v. S/V Zeus, No. 05-23105 CIVOSULLIVAN, 2010 WL 427496 (S.D. Fla. Feb. 1, 2010); The corporations dominate shareholder, Mr. Jason Burn, acted in bad faith, under the veil of his corporation's protection and liability insurance, and openly defied federal law, not once, but multiple times as shown in EXHBIT A. As he is clearly not the sole owner of the property, he acted unilaterally and ultimately placed his partners at risk. This is clearly outside of how a reasonable person, business partner, and business owner should act and respect the rule of law and how it applies.

## SEVENTH CAUSE OF ACTION

### Injunctive Relief under Federal Rule 65

For a preliminary injunction, and a possible permanent injunction for non-compliance, all enjoining defendants, and each of them, and their agents, servants, and employees, and all persons acting under, in concert with, or for them:

a) Operating their normal business without Department of Justice training in regard to ADA Law.

b) Certificates of completion being placed in each employee's file

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

  c) All certificates of competition being filed with the courts.

  d) Conspicuous and clear placement to the general public, inside and outside of their business, that outlines the ADA law and the rights bestowed to those who are protected by the ADA Law.

In Winter v. Natural Resources Defense Council, Inc, 555 U.S. 7 (2008), the Supreme Court described the balancing test for whether a preliminary injunction is appropriate. A court needs to examine whether:

 i. The plaintiff is likely to succeed on the merits;

 ii. Whether the plaintiff is likely to suffer irreparable harm without the injunction;

 iii. Whether the balance of equities and hardships is in the plaintiff's favor, and;

 iv. Whether an injunction is in the public interest.

  <u>As it pertains to the above</u>:

   a. The Plaintiff has an extremely high likelihood of prevailing on the merits of this case;

   b. Harm has already been endured/caused by Defendants;

   c. Equity is in the Plaintiffs favor;

   d. The injunction is clearly in the public's interests, especially those with disabilities and service animals.

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

## PUNITIVE DAMAGES

The conduct of Defendants described above is egregious. Defendants' conduct demonstrates a reckless disregard for Federal ADA law and a conscious disregard for people with disabilities. The acts and omissions described above were willful and performed with actual or implied malice.

Punitive and exemplary damages are therefore appropriate and should be imposed in this instance. Attached is [EXHIBIT A], from a simple search engine search, that shows the owner has previously engaged in malicious behavior to his customers, to include denial of other Veteran Owned service animals; "Malice" supporting an award of punitive damages for violation of the ADA means an intent to harm. 42 U.S.C.A. §§ 1981a(a)(2), 1981a(b)(1); Americans with Disabilities Act of 1990 § 2 et seq., 42 U.S.C.A. § 12101 et seq. As such, after Plaintiff made several attempts to show Defendant Jason Burn (Owner) additional documentation, to which he refused to see, Jason Burn (Owner) acted in a reckless way towards ADA law.

Plaintiff understands that a Defendant's negligence toward the Plaintiff's civil rights is not enough to sustain an award for punitive damages for violation of those rights; instead, the warranting punitive damages is one where the defendant acts in the face of a perceived risk that its actions will violate federal law. 42 U.S.C.A. §§ 1981a(a)(2), 1981a(b)(1).  Plaintiff made several attempts to educate Defendant on his actions, including showing him documentation [EXHIBIT

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

D] and Federal Law, but Defendant Jason Burn refused to listen, review any documentation, or realize his actions were in violation of Federal Law after several attempts to discuss those laws and show him those laws. Instead, Defendant's response was to call Sarasota Police to have Plaintiff incarcerated, cited, fined, and or trespassed.

This is case of repeated behavior and pure disregard of Federal ADA Law. Punitive damages may be awarded in cases to punish past misconduct and to deter future misconduct. This is clearly a situation where punitive damages would be appropriate. In Pacific Mut. Life Ins. Co. v Haslip (1991) 499 US 1, 22, 113 L Ed 2d 1, 22, 111 S Ct 1032, the U.S. Supreme Court found that punitive damages of four times the amount of actual damages were within reason.

## SUMMARY JUDGEMENT

The Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). Video and Audio evidence from Defendant's retail location and Police report, from the Sarasota Police Department, clearly validates the Plaintiffs complaint by an independent 3rd party, which is a representative of the Courts.

Defendants reportedly has an audio and visual system, both internal and external of the business, which will be called into evidence upon a jury trial or to substantiate a summary judgement. Defendants will fail to prove Plaintiff's animal

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

was out of control, not house broken, Plaintiff was "intoxicated" and ultimately the facts will show the Plaintiff was denied service for bringing a service animal into their establishment, for a mental health disability, and the owner refused the Plaintiff service, citing mental health as not a recognized disability which is in direct violation of 28 CFR § 35.136(g) which states; *"Individuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a public entity's facilities where members of the public, participants in services, programs or activities, or invitees, as relevant, are allowed to go."*

## JURY DEMAND

Plaintiff requests a jury trial for all issues triable by a jury if Summary Judgement is not granted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for a judgment against Defendants as follows:

1. Immediate suspension of all liquor, beer, and wine licenses until Defendants undergo Department of Justice approved ADA training, that training certificates are placed into each Defendant's employee files, and all employees of Lynches Pub & Grill would undergo the same training.

2. Compel Defendant's to immediately, and conspicuously, post all appropriate ADA service animal law in the front of their establishment and train all employees on DOJ approved ADA compliance law, and that training be

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

placed in the employee's training "folder" (electronic or physical) until case resolution, under 42 U.S.C. § 12206.

3. Summary Judgement for Plaintiff.

4. Referral to the appropriate authorities for the investigation of Defendant Jason Burns for misuse of the 911/E911 system, to include Federal Law under The Wireless Communications and Public Safety Act of 1999 (911 Act).

5. Referral to the appropriate authorities to investigate the accusation that Defendants, via Lynches Pub & Grill, is audio recording without two party consent as required under Florida Statue 934.03 and the Public Safety Act of 1999 (911 Act) as shown in [EXHIBIT B].

6. Compensatory damages according to proof at trial, or summary judgement, in the amount of $12,500.00..

7. Jason Burns, $5,000.00 as an individual.

8. Attorneys' fees for this lawsuit, with interest, when retained at Jury Trial.

9. If mediation or arbitration is required, Defendant pays all associated fees.

10. Punitive damages in the amount of 4 times that of awarded damages or as the jury and/or court deems appropriate.

11. 8 (Eight) hours of community service by all owners and employees of Lynches Pub & Grill, to be served with the Department of Veterans Affairs Service Animal Division, and or a related charity associated with the Department of Veterans Affairs. Direct animal and service owner interaction required.

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

12. Written public apology, on the applicable website used to review Lynches Pub & Grill, to another veteran affected by being denied service due to a service animal accompanying them, as shown in [EXHIBIT A].

13. $500.00 donation, by all Defendant's, to James A Haley's Veteran Hospital, Prosthetic Department, to be allocated to Service Animal Supplies.

14. $500.00 donation by all Defendant's to Sarasota's Police Department's K-9 Unit

15. All Court, Procedural, and Filing Costs.

16. Any other relief as the court deems appropriate.

RESPECTFULLY SUBMITTED this 19th Day of March 2021

Very Respectfully Submitted (V/R)

HUDDLESTON, JIMMY R.

By: s/ J.R. Huddleston
Jimmy Huddleston
1220 E. Cumberland Ave
Ste 101
Tampa, FL 33602

Pro Se

PG. 23

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF